IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS J. PANCHIAS,

      Plaintiff,                        No. 2:12-cv-2082 JAM CKD P

      vs.

MUFFIN BULLOCK, et al.,

      Defendants.                    ORDER

_____/

      Plaintiff is a California state prisoner proceeding pro se and currently housed at La Palma Correction Center ("LPCC") in Eloy, Arizona[1]. On August 8, 2012, defendants commenced this federal action by filing a Notice of Removal of plaintiff's complaint filed February 21, 2012 in the Sacramento County Superior Court, entitled Thomas J. Panchias v. Muffin Bullock and Rebecca Chaplin, Case No. 34-2012-00119588. (Dkt. No. 1-2, Ex. A ("Cmplt.").) Defendants also submitted plaintiff's first amended complaint in that action, filed April 16, 2012 in the Sacramento County Superior Court.[2] (Id., Ex. B.)

\\\\\

---

[1] LPCC is owned and operated by Corrections Corporation of America ("CCA").

[2] Plaintiff asserts that this amended complaint was filed "due to a clerical error." (Dkt. No. 12 at 2.) It alleges the same claims as the original complaint.

1

Plaintiff alleges that at all relevant times he was housed at North Fork Correctional Facility (NFCF), a CCA-operated facility in Sayre, Oklahoma. He alleges that in December 2010, NFCF prison guards Bullock and Chaplin informed other California prisoners that plaintiff had a sexual assault conviction and "need[ed] to be taken out." (Cmplt, ¶¶ 2-3.) After an investigation by the NCFC warden, defendants were disciplined for this action. (Id., ¶ 4.) On August 7, 2011, defendants allowed four prisoners to beat up plaintiff, causing severe bodily injuries including plaintiff's jaw being broken on both sides of his face. (Cmplt., ¶¶ 5-6.) Plaintiff underwent jaw reconstruction surgery on October 4, 2011. (Id., ¶ 8.) Plaintiff asserts that defendants "had deliberate indifference to plaintiff's safety and well being. In violation of state and federal laws. The California Code of Regulations, Title-15, CCA Policy Procedures and their respective employment contracts." He seeks $250,000 in damages. (Cmplt. at 9, Exemplary Damages Attachment.) The parties agree that plaintiff is a California resident and defendants Bullock and Chaplin are residents of Oklahoma.

On September 4, 2012, plaintiff filed an opposition to defendants' notice of removal, arguing that the complaint does not raise a federal question.[3] (Dkt. No. 12.) On October 10, 2012, defendants filed a response to the opposition, arguing that the complaint is removable on both diversity and federal question grounds. (Dkt. No. 15.) On October 22, 2012, plaintiff filed objections to defendants' response. (Dkt. No. 18.) The parties' arguments are addressed in turn below.

I. Timeliness of Removal

Plaintiff contends that defendants' August 8, 2012 removal of this case from state court was untimely. For removal to be timely, a defendant wishing to remove a case to federal court must file a notice of removal within 30 days of receiving "through service or otherwise [a] copy of the initial pleading setting forth the claim for relief ...." 28 U.S.C. § 1446(b). Service of

---

[3] The court construes this as a motion to remand pursuant to 28 U.S.C. § 1447(c).

process in state court actions is governed by state law. In California, a plaintiff may serve process on a defendant by mail where the mailing includes a copy of the summons and complaint, two copies of a notice and acknowledgment form, and a pre-paid return envelope. Cal. Code Civ. Pro. § 415.30(a).

Here, plaintiff asserts that defendants were served with the summons and complaint via registered mail on July 6, 2012. (Dkt. No. 12 at 2.) NFCF staff received the service packet containing the summons and complaint on July 6, 2012. (See id. at 10.) Defendants aver that they did not personally receive the contents of plaintiff's mailing until July 9, 2012. The Notice and Acknowledgment of Receipt included in the service packet informed defendants that they were being served pursuant to section 415.30 of the California Code of Civil Procedure. (Dkt. No 12 at 12-13.) Section 415.30, subdivision (c), provides that "Service of a summons pursuant to this section is deemed complete on the date a written Acknowledgment of receipt of summons is executed, if such Acknowledgment is thereafter returned to sender." See Varga v. United Airlines, 2009 WL 2246208, *4 (N.D. Cal. 2009) ("By serving the summons and complaint pursuant to § 415.30 . . . , plaintiff indicated that service would be deemed complete when defendant signed and returned the notice and acknowledgment of receipt[.]") Defendant Chaplin signed her acknowledgment form on August 1, 2012, and defendant Bullock signed hers on August 3, 2012. (Dkt. No. 12 at 12-13.) It appears that the signed forms were sent to plaintiff via certified mail on August 3, 2012. (Dkt. No. 12 at 11.) Plaintiff states that his process server received the signed forms on August 6, 2012. (Id. at 2.) Defendants filed a Notice of Removal on August 8, 2012. Because defendants removed the action less than thirty days after they signed the receipts pursuant to section 415.30 (and returned them to plaintiff), thus completing service, removal was timely.

Plaintiff asserts that service was pursuant to an alternative provision for service, California Code of Civil Procedure section 415.40. (Dkt. No. 18 at 5-6.) Under that provision, "a nonresident defendant can be served simply by mailing the defendant copies of the summons and

complaint 'by first-class mail, postage prepaid, requiring a return receipt.' Service is deemed complete 'on the 10th day after such mailing' . . . even if defendant has not yet signed or mailed back the returned receipt." Varga, 2009 WL 2246208, *4, citing Cal. Code Civ. Proc. § 415.40. The court in Varga rejected an argument similar to plaintiff's where, as here, the service packet explicitly stated that service was pursuant to section 415.30. Id. Accordingly, the undersigned finds that defendants' August 8, 2012 removal of this action was timely.

II.  Federal Jurisdiction

Plaintiff argues that his complaint is not subject to removal. The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 774 (9th Cir.1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988).

Here, the court finds that the complaint is subject to removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332, as plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.[4]

III.  Venue

The next consideration is venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division

---

[4] Plaintiff's allegations that defendants violated "federal laws" and were "deliberately indifferent," without more, are not enough to confer federal question jurisdiction.

where it might have been brought." 28 U.S.C. § 1404(a).[4]  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).  A decision to transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. See Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); see also Jones v. GNC Franchising Inc., 211 F.3d 495, 498–99 (9th Cir. 2000).  A court has broad discretion to address these factors based on the particular facts of each case. E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994).  While a plaintiff's choice of forum is accorded substantial weight under section 1404(a), if the forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice of forum will be given considerably less weight. Chrysler Capital Corp. v. Woehling, 663 F.Supp. 478, 482 (D. Del. 1987); see also Schmidt v. American Institute of Physics, 322 F. Supp. 2d 28, 33 (D.D.C. 2004) (plaintiff's residence not determinative where all other operative facts giving rise to the litigation occurred elsewhere).  A court has power to order

---

[4] 28 U.S.C. § 1391, subdivision (b), provides that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are resident of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
> (3) if there is no such district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

5

transfer under section 1404(a) sua sponte. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); see, e.g., Hurt v. Unit 32, 2012 WL 5269910 (N.D. Cal. Oct. 24, 2012) (sua sponte tranfer pursuant to § 1404(a)). The fact that a case is in the federal district court on the basis of removal has no bearing on the change of venue provisions of 28 U.S.C. § 1404, and removed actions may be transferred pursuant to that statute as though they had been brought in the federal court originally. Heft v. AAI Corp., 355 F. Supp. 2d 757, 772-773 (M.D. Pa. 2005).

In this case, none of the parties currently reside in the Eastern District of California. Plaintiff states that he "is in transit back to" the State of California (Dkt. No. 12 at 4), but it is not clear when this transfer will take place or to which California district he will be transferred. Plaintiff states that he is a "ward of the California Department of Corrections and Rehabilitation," headquartered in Sacramento County. (Cmplt. at 5.) However, he also states in the complaint that "no State of California entities or persons are involved," and that defendants "are employed by a stock corporation with headquarters in Nashville, Tennessee." (Id.) Importantly, none of the events at issue took place in the Eastern District of California. Rather, plaintiff's claim arose in Beckham County, Oklahoma, which is in the Western District of Oklahoma. It stands to reason that key witnesses and evidence are located in this district, which is a proper venue under 28 U.S.C. § 1391(b). Moreover, both defendants reside in Oklahoma. Thus, while factor (1) weighs somewhat in plaintiff's favor, factors (2), (3), and (4) weigh in favor of transfer to a more convenient venue. Factor (5) weighs against transfer insofar as plaintiff is alleging violation of California regulations or laws, but is neutral insofar as plaintiff alleges violations of "federal laws, . . . CCA Policy Procedures and [defendants'] employment contracts." Factors (6), (7) and (8) appear to be neutral or slightly in favor of transfer.

Thus, given the Court's broad discretion, IT IS HEREBY ORDERED that:

1. Plaintiff's September 4, 2012 motion for remand (filed as an "Opposition to Defendant's Notice of Removal") (Dkt. No. 12) is denied; and

\\\\\

2. This matter is transferred to the United States District Court for the Western District of Oklahoma.[5]

Dated: November 5, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
panc2082.trans

---

[5] In light of its determination that this case should be transferred, the court will not screen the complaint pursuant to 28 U.S.C. § 1915A(a).  (See Dkt. No. 13.)